**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FILED
AUG 2 6 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RUSSELL L. LEE,            )
4100 Massachusetts Ave.,   )
NW, #1319,                 )
Washington, DC 20016,      )
                           )
        v.                 )     CASE NUMBER  1:05CV01701
                           )
                           )     JUDGE: Henry H. Kennedy
GTE PLAN ADMINISTRATOR,    )
GTE (VERIZON) BENEFITS     )     DECK TYPE: Civil Rights (non-employment)
CENTER, 100 Half Day Road, )
Lincolnshire, IL 60069;    )     DATE STAMP: 08/26/2005
                           )
        Defendant.         )

**COMPLAINT**

(Based on plan administrator's refusal to furnish requested information [29 U.S.C. section 1132(c)].)

1.  This action arises under the Employee Retirement Income Security Act of 1974 (29 U.S.C. section 1132(e), referred to below as the Act. This court has jurisdiction over the subject matter of this Complaint pursuant to 29 U.S.C.A. section 1132(e).

2.  The GTE (now Verizon) Telephone Operations Salaried Pension Plan, the GTE Savings and Investment Plan - 401(K), and the GTE Employee Stock Ownership Plan, have at all times material to this action been pension plans within the meaning

1

of Section 4(a)(2) of the Act (29 U.S.C. section 1003(a)(2).

3.  Plaintiff's ex-wife, Ruth N. Lee (now retired) has at all times material to this action been employed by GTE, an employer engaged in interstate commerce within the meaning of Section 4(a) of the Act (29 U.S.C. Section 1003(a) and which has made contributions on behalf of Ruth N. Lee to GTE's Retirement Plans.

4.  At all times material, Twayla Y. Beets and Michelle L. Baratono, of GTE Benefits Center, have been employed GTE's Plan Administrators involved in administering the GTE Savings and Investment Plan – 401(K) pursuant to the Qualified Domestic Relations Order in the marriage of Russell L. Lee and Ruth N. Lee, pending in the Superior Court, Ventura County California, Case No. SD 014622.

5.  At all times material, GTE Telephone Operations Salaried Pension Plan, and GTE Savings and Investment Plan, have maintained their offices and principal place of business at GTE Benefits Center, 100 Half Day Road, Lincolnshire, IL 60069, Attention QDRO.

2

6.  At all times material, GTE Service Corporation Employee Benefits Committee, and GTE Savings Plan, have been GTE's Plan Administrators involved in administering the GTE Service Corporation plan for Employees' Pensions, and GTE Saving Plan, respectively, maintaining their offices and principal place of business at GTE Corporation, one Stamford Forum, Stamford, CT 06904.

7.  Ruth N. Lee is a participant in the Plans within the meaning of Section 3(70) of the Act (29 U.S.C. Section 1002(7)).

8.  Plaintiff is a beneficiary in the Plans within the meaning of Section (3)(8) of the Act (29 U.S.C. Section 1002(8)).

9.  On March 3, 1999, petitioner wrote to GTE Plan Administrator, Twayla A. Beets, seeking information of amounts accrued and payable to the Alternate Payee as if paid on June 1, 1998, in each of three categories: the Defined Contribution Plan; the Defined Benefit Plan; and, Shares of GTE Stock. 29 U.S.C. section 1025(a).

3

10. On March 12, Plan Administrator Michele L. Baratono, of GTE Benefits Center, replied to Plaintiff's letter but did not provide the requested information asserting, "After the QDRO is found to be qualified and your interest in the plan documented, we can provide you with any and all information regarding your portion of Ruth N. Lee's benefits.

11. GTE has failed to reply to Plaintiff's letters of April 15, 1999, December 27, 2000, May 31, 2001, June 26, 2001, seeking the same information as of March 3, 1998.

WHEREFORE, respectfully, Plaintiff prays that:

a) Defendant be required to furnish Plaintiff with copies of all materials requested by Plaintiff on March 3, 1998;

b) The Court invoke the provisions of Section 502(c) of the Act (29 U.S.C. Section 1132(c) by requiring the Plan Administrator to pay the Plaintiff $100 per day commencing thirty (30) days after the written request was made;

c) The Court impose other penalties on Defendant as it may deem appropriate as a deterrent

4

to similar failures or refusals to comply with the act in the future; and

    d) The Court award Plaintiff reasonable attorney's fees and costs of this action.

Dated: August 24, 2005

RUSSELL L. LEE
#1319
Massachusetts Ave., NW
Washington, DC 20016